The Honorable Mike Huckabee Governor State Capitol Little Rock, AR 72201
Dear Governor Huckabee:
This is in response to your request for an expedited opinion regarding Senate Bill 526 in the current regular legislative session. You state that your concern focuses on the requirement that juvenile judges be appointed to the Juvenile Officers' Standards Commission ("Commission") established thereunder. Your questions in this regard are as follows:
 1. Would the appointment of juvenile judges to this commission violate the `separation of powers' provision contained in Article IV of the Arkansas Constitution?
 2. Can juvenile judges serve on this commission in light of the dual office holding prohibition contained in Article VII, Section 18 of our State's Constitution?
It is my opinion, as discussed below, that Article 7, Section 18 of the Arkansas Constitution prohibits juvenile judges from serving on this Commission. While resolution of any `separation of powers' concern may therefore be unnecessary, I believe a strong argument can be made, in response to your first question, that the appointment of juvenile judges to this Commission contravenes Article 4, Section 2 of the Arkansas Constitution,[1] based upon the Arkansas Supreme Court's pronouncement that "there can be no doubt that [administrative agencies] are not part of . . . the judicial department." Spradlin v. Arkansas Ethics Comm'n,314 Ark. 108, 115-116, 858 S.W.2d 684 (1993) (emphasis original), citing
Stafford, Separation of Powers and Arkansas Administrative Agencies:Distinguishing Judicial Power and Legislative Power, 7 UALR L.J. 279, 280-281 (1984). The court in Spradlin noted the difficulty at times in discerning whether certain boards, commissions and agencies are creatures of the executive department or legislative department, "or perhaps . . . some de facto fourth department of government." 314 Ark. at 113. But it clearly held that such bodies are not judicial in nature and are therefore not a part of the judiciary. Id. Spradlin thus suggests that a juvenile judge who sits on this administrative body would be exercising powers belonging to another department of government. See n. 1, supra.
It should perhaps be noted that a question may remain regarding this particular Commission, because there is some indication that the legislature intends to place this body within the judicial branch. Senate Bill 526 is explicit in stating that the Commission's powers and duties relate to the administration of juvenile justice. See S.B. 526, § 1 (reciting legislative intent under A.C.A. § 9-27-201). The bill also provides for consultation with the Administrative Office of the Courts ("AOC"), with the AOC having ultimate responsibility for establishing the juvenile officers' training programs. It must be noted, however, that Article 19, Section 6 of the Constitution would probably preclude the appointment of juvenile judges if the Commission is indeed part of the judicial branch.[2]
Regarding Article 7, Section 18,[3] it is my opinion that the term "circuit courts" as used therein must be construed to include chancery courts. As stated by the Arkansas Supreme Court in McEachin v. Martin,193 Ark. 787, 793, 102 S.W. 864 (1937), "[t]he provisions of art. 7 relating to such courts, both circuit and chancery, remained effective after their separation. . . ." This followed the court's discussion of the history of circuit and chancery courts, and the statement that "[chancery courts] existed under the Constitution as integral parts of the circuit courts, and became separate courts only when the power to separate, conferred by the Constitution, had been exercised."193 Ark. at 793. The court in McEachin was concerned primarily with art. 7, § 22 involving the authority of "[t]he judges of the circuit courts" to exchange circuits. But I believe the same reasoning applies with respect to art. 7, § 18. It thus seems clear that chancery courts are included within the words "circuit courts" under art. 7, § 18.
It is clear, moreover, that juvenile judges are chancellors. Act 294 of 1989 established juvenile divisions of the chancery court in each judicial district. See A.C.A. § 16-13-602 (Repl. 1994). And in accordance with A.C.A. § 16-13-605(a) (Repl. 1994), "[t]he judge of the chancery court or circuit-chancery court shall be the judge of the juvenile division. . . ." Thus, in effect, three chancery or circuit-chancery court judges will be appointed to the Commission under Senate Bill 526.See Section 1 of S.B. 526, amending A.C.A. § 9-27-203(b)(1).
Finally, the position on the Commission is, in my opinion, clearly an "office of trust . . . under this State." Ark. Const. art. 7, § 18. Although there are no Arkansas cases construing this precise language, the typical factors signifying a public office are present, i.e., the position is created by law, with the tenure, compensation (expense reimbursement), and duties also fixed by law. See, e.g., Haynes v.Riales, 226 Ark. 370, 290 S.W.2d 7 (1956). The scope of the Commission's powers is also significant. The members' "official duties" (§ 9-27-203(e)) include adopting "rules and minimum standards for training programs" (§ 9-27-204(6)), fixing other qualifications "as [the Commission] deems necessary" (§ 9-27-205(b)), and promulgating rules and regulations for administering the subchapter. (§ 9-27-204(1)).
In conclusion, therefore, it is my opinion that the prohibition under Ark. Const. art. 7, § 18 against a chancellor holding any other office of trust under the state will prevent the appointment of a juvenile judge to the Juvenile Officers' Standards Commission.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Ark. Const. art. 4, § 2 prohibits the exercise of any power belonging to one department by a person, or collection of persons, belonging to another department.
[2] Ark. Const. art. 19, § 6 states: "No person shall hold or perform the duties of more than one office in the same department of the government at the same time, except as expressly directed or permitted by this Constitution."
[3] This constitutional provision states in relevant part that "[The judges of the circuit courts] shall not be allowed any fees or perquisites of office, nor hold any other office of trust or profit under this State or the United States."